FILED
January 17, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOSE CARLOS BELMONT, §
TDCJ No. 01590304, §
§
§
Petitioner, §
§
§
v. § CIVIL NO. SA-23-CA-0496-OLG
§
BOBBY LUMPKIN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
§
Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Jose Carlos Belmont's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 12), as well as Petitioner's Reply (ECF No. 16) and Supplemental Reply (ECF No. 19) thereto. Petitioner challenges the constitutionality of his 2009 state court capital murder conviction, arguing that he is actually innocent of the charged offense. In response, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

### I. Background

In July 2009, Petitioner plead guilty in Bexar County to two counts of capital murder and, pursuant to the plea bargain agreement, was sentenced to life imprisonment for each count. *State*

*v. Belmont*, No. 2008CR4397 (399th Dist. Ct., Bexar Cnty., Tex. July 27, 2009).[1] Because Petitioner waived his right to appeal as part of the plea bargain agreement, he did not directly appeal his convictions and sentences.[2]

Instead, Petitioner challenged the constitutionality of his state court convictions by filing an application for state habeas corpus relief on January 1, 2012, at the earliest.[3] *Ex parte Belmont*, No. 78,712-01 (Tex. Crim. App.).[4] In this application, Petitioner asserted that his convictions violated Double Jeopardy principles, that he received ineffective assistance from his trial counsel, and that his plea was involuntary. In an unpublished opinion issued December 19, 2012, the Texas Court of Criminal Appeals granted relief on Petitioner's Double Jeopardy claim and vacated his conviction on count two of the indictment, but denied Petitioner's other claims for relief.[5] Petitioner later filed several other state habeas applications challenging his remaining conviction, all of which were ultimately dismissed by the Texas Court of Criminal Appeals as successive applications pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. *Ex parte Belmont*, No. 78,712-02 through -05 (Tex. Crim. App.).[6]

Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on April 2, 2023.[7] In the § 2254 petition, Petitioner argues: (1) he is actually innocent due to

---

[1]     ECF No. 13-5 at 38-47 (Plea Agreement), 155-58 (Judgments).

[2]     *Id.* at 42.

[3]     Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[4]     ECF No. 13-5 at 6-34.

[5]     *Ex parte Belmont*, No. 76,932, 2012 WL 6628968 (Tex. Crim. App. 2012).

[6]     ECF Nos. 13-6; 13-14; 13-21; and 14-1.

[7]     ECF No. 1 at 10.

2

Double Jeopardy violations and the invalidity of his plea bargain agreement, (2) Article 11.07, § 4 of the Texas Code of Criminal Procedure is unconstitutional, (3) the framework Texas uses for evaluating innocence claims under Article 11.07, § 4 is unconstitutional and results in a circuit split that needs resolution from the Supreme Court, and (4) he is actually innocent of the offense under Texas Penal Code Sections 9.33 and 9.42.

## II. Analysis

### A. Petitioner's Conviction (Claims 1, 4)

Petitioner's first and last allegation essentially argue that he is innocent of the charged offense, albeit for different reasons. In response, Respondent contends these allegations are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's remaining conviction (count 1) became final August 26, 2009, 2019, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on August 26, 2010. Because Petitioner did not file his § 2254 petition until April 2, 2023—well over twelve years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to statutory or equitable tolling.

3

1.   <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant conviction by filing several applications for state post-conviction relief starting in January 2012. But as discussed previously, Petitioner's limitations period for filing a federal petition expired in August 2010. Because the state habeas applications were all filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in April 2023, is still over twelve years late.

2.   <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable

tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Neither of Petitioner's reply briefs nor his § 2254 petition provide a valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).[8]

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's conviction became final in August 2010, yet Petitioner filed nothing until January 2012 when he executed his first state habeas corpus application challenging the underlying convictions. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain the large gaps in time between the filing of his five state habeas applications, much less why he waited another two months after the Texas Court of Criminal Appeals denied his most recent state habeas application in February 2023 before filing the instant federal petition in this Court.

---

[8] To the extent Petitioner cites the Supreme Court cases of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) as a basis for equitable tolling, his argument is similarly unpersuasive. These cases addressed exceptions to the procedural default rule—they do not apply to the statute of limitations. *See Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023) (finding *Martinez* "has no applicability to the statutory limitations period prescribed by AEDPA.").

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

3. <u>Actual Innocence</u>

Finally, Petitioner appears to argue that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, a petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner seems to rely on other alleged constitutional violations to show that he is "procedurally innocent" under *Schlup*.[9] However, such an argument does not constitute "*new* reliable evidence" establishing his innocence that was unavailable at the time of his guilty plea. Similarly, Petitioner provides no support for his contention that he is actually innocent of capital murder pursuant to Texas Penal Code Sections 9.33 (defense of third persons) and 9.42 (defense of property). Both are

---

[9] ECF No. 1 at 7, 18-19.

affirmative defenses that were available to Petitioner at the time he plead guilty, and Petitioner's conclusory assertions to the contrary do not constitute "*new* reliable evidence" establishing his innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

In sum, Petitioner has not produced any "new reliable evidence" demonstrating his factual innocence of capital murder. In his 2009 plea bargain and again before this Court in his § 2254 petition, Petitioner confessed to committing the underlying murders.[10] Petitioner's assertions of "procedural innocence" or affirmative defenses, unsupported by any argument or evidence from the record, are insufficient to undermine confidence in the outcome of Petitioner's trial. Consequently, the untimeliness of his federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[11]

**B.   Petitioner's State Habeas Proceedings (Claims 2, 3).**

Petitioner also appears to challenge the decisions of the Texas Court of Criminal Appeals dismissing his various state habeas applications as successive, arguing that Article 11.07, § 4 of the Texas Code of Criminal Procedure is unconstitutional because it blends different standards of review and impedes an applicant's ability to present claims of innocence. Such claims do not

---

[10]   *See* ECF No. 1 at 8 ("I killed them in the middle of a bar-b-que."), 34 ("I killed two people before the first steak was finished cooking.").

[11]   To the extent Petitioner is raising "freestanding" claims of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), these claims still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

entitle a petitioner to relief because alleged errors or irregularities occurring in state habeas proceedings do not raise cognizable claims for federal habeas relief. *See Henderson v. Stephens*, 791 F.3d 567, 578 (5th Cir. 2015) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief"); *Ladd v. Stevens*, 748 F.3d 637, 644 (5th Cir. 2014) (same). This is because an attack on the validity of a state habeas corpus proceeding does not impact the validity of the underlying state criminal conviction. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted). For this reason, Petitioner's complaints concerning his state habeas corpus proceedings do not furnish a basis for federal habeas corpus relief.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by over twelve years and provided no valid justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief, and a COA will not issue.

## IV. <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Jose Carlos Belmont's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ____17____ day of January, 2024.

_____
ORLANDO L. GARCIA
United States District Judge